ORIGINAL



1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
3  4328 Redwood Hwy., Suite 300
   San Rafael, CA 94903
4  Telephone:    415/674-8600
   Facsimile:     415/674-9900
5
   Attorneys for Plaintiff
6  CRAIG YATES, an individual

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

   **CV11      0642**

10

   CRAIG YATES, an individual,              )   **CASE NO.**
11                                          )   **Civil Rights**
              Plaintiff,                     )
12                                          )   **COMPLAINT FOR INJUNCTIVE RELIEF**
   v.                                        )   **AND DAMAGES:**
13                                          )
                                            )   **1st CAUSE OF ACTION:** For Denial of Access
14 LA MEXICANA BAKERY; RAFAEL               )   by a Public Accommodation in Violation of the
   CASTRO; and NIDIA CASTRO,                )   Americans with Disabilities Act of 1990 (42
15                                          )   U.S.C. §12101, *et seq.*)
                                            )
16            Defendants.                    )   **2nd CAUSE OF ACTION:** For Denial of Full
                                            )   and Equal Access in Violation of California
17 ─────────────────────────────────────      Civil Code §§54, 54.1 and 54.3

18                                             **3rd CAUSE OF ACTION:** For Denial of
                                               Access to Full and Equal Accommodations,
19                                             Advantages, Facilities, Privileges and/or
                                               Services in Violation of California Civil Code
20                                             §51, *et seq.* (The Unruh Civil Rights Act)

21

22                                             **DEMAND FOR JURY**

23

24

25

26

27

28

Plaintiff CRAIG YATES, an individual, complains of defendants RAFAEL CASTRO; and NIDIA CASTRO, owners of the LA MEXICANA BAKERY and alleges as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the disability community are members, for failure to remove architectural barriers structural in nature at defendants' LA MEXICANA BAKERY, a place of public accommodation, thereby discriminatorily denying plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2. Plaintiff CRAIG YATES is a person with physical disabilities who, on or about November 11, 2010, December 9, 2010 and December 17, 2010, was an invitee, guest, patron, customer at defendants' LA MEXICANA BAKERY, in the City of San Francisco, California.  At said times and place, defendants failed to provide proper legal access to the bakery, which is a "public accommodation" and/or a "public facility" including, but not limited to the entrance. The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.      **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 2804 24th Street, in the City and County of San Francisco, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.      Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is a triplegic.  Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.      Defendants RAFAEL CASTRO; and NIDIA CASTRO (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as LA MEXICAN BAKERY, located at/near 2804 24th Street, San Francisco,  California, or of the building and/or buildings which constitute said public accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7.     At all times relevant to this complaint, defendants RAFAEL CASTRO; and NIDIA CASTRO, own and operate in joint venture the subject LA MEXICANA BAKERY as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

8.     At all times relevant to this complaint, defendants RAFAEL CASTRO; and NIDIA CASTRO are jointly and severally responsible to identify and remove architectural barriers at the subject LA MEXICANA BAKERY pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201      General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.     The LA MEXICANA BAKERY, is located at/near 2804 24th Street, San Francisco, California 94110.  The LA MEXICANA BAKERY, its entrance, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the bakery and each of its facilities, its entrance to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10.     Since at least 1994, defendants' and each of them purchased and/or took possessory control of the premises now known as LA MEXICANA BAKERY.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that the bakery was not accessible to the disabled. Nevertheless, defendants' and each of them, operated the subject bakery as though it was accessible.

11.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the LA MEXICANA BAKERY as being handicapped accessible and handicapped usable.

13.     On or about November 11, 2010, December 9, 2010 and December 17, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject LA MEXICANA BAKERY, for purposes of purchasing bakery products.

14.     On or about November 11, 2010, plaintiff CRAIG YATES wheeled to LA MEXICANA BAKERY.  Plaintiff CRAIG YATES encountered an entrance.  Plaintiff CRAIG YATES couldn't independently open the door of the subject bakery.  There was excessive door pressure.  There was no strike side clearance which would allow plaintiff CRAIG YATES to angle his chair to open the door.  Further, the door was in a dangerous condition.  The bottom of the door was all glass.  It had no metal plate.  The door was susceptible to being broken with the metal foot rests of a wheelchair.

///

///

///

///

15.     On or about November 18, 2010, plaintiff CRAIG YATES wrote both the landlord and tenant about the problem.  In part, plaintiff CRAIG YATES wrote:

> "Recently, I visited La Mexicana Bakery. The bakery goods were quite good and reasonably priced.  That part of my experience was good.  However, there are a few problems that need your immediate attention.  You see, I use a wheelchair.  Wheelchair users like me (as I did) have a problem with opening the door.  There is no room next to the door so that you can open it and angle your wheelchair in. That's because the door pulls out.  So you cannot simply push it in.  Go outside and see for yourself.  Just take a regular chair and put it at the front door and pretend you're in a wheelchair.  You can easily solve this by a door that pushes in or a power door.  You also should put a metal kick plate on the bottom of the door so that the glass does not break..  That part of my experience was not good.
>
> I thought the landlord and the tenant should know about this.  That's why I wrote this identical letter to both of you.  It's like letting the right hand know what the left hand is doing!  If you both put your heads and hands together, I know the two of you can fix this problem."

16.     On or about December 9, 2010 and December 17, 2010, plaintiff CRAIG YATES returned and encountered the same barriers.  The simplest of barrier removal was not undertaken. Not even a board was placed along the bottom of the glass door.

17.     Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject LA MEXICANA BAKERY, which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.    lack of directional signage to show accessible routes of travel, i.e. entrances;

        b.    lack of an accessible entrance due to no strike side clearance; and

        c.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

18.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

19.     On or November 18, 2010, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of his/her letter, promising to immediately remove the barriers and providing a date when that would be accomplished.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

20.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by

2  plaintiff, plaintiff suffered bodily injury.

3       21.    As a legal result of defendants RAFAEL CASTRO; and NIDIA CASTRO's failure

4  to act as a reasonable and prudent public accommodation in identifying, removing or creating

5  architectural barriers, policies, practices and procedures that denied access to plaintiff  and other

6  persons with disabilities, plaintiff suffered the damages as alleged herein.

7       22.    As a result of the denial of equal access to defendants' facilities due to the acts and

8  omissions of defendants, and each of them, in owning, operating and maintaining these subject

9  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

10  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical

11  discomfort, bodily injury on or about November 11, 2010, including, but not limited to, fatigue,

12  stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over,

13  around and through architectural barriers. Specifically, as a legal result of defendants negligence

14  in the design, construction and maintenance of the existing entry door, plaintiff suffered

15  continuous, repetitive and cumulative trauma to his right upper extremity while attempting to

16  open the door without strike side clearance and excessive door pressure.

17       23.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,

18  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

19  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a

20  person with physical disabilities being denied access, all to his damages as prayed hereinafter in

21  an amount within the jurisdiction of this court.  No claim is being made for mental and emotional

22  distress over and above that usually associated with the discrimination and physical injuries

23  claimed, and no expert testimony regarding this usual mental and emotional distress will be

24  presented at trial in support of the claim for damages.

25  ///

26  ///

27  ///

28  ///

24.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

25.     Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants RAFAEL CASTRO; and NIDIA CASTRO, because defendants RAFAEL CASTRO; and NIDIA CASTRO maintained a bakery without access for persons with physical disabilities to its facilities, including but not limited to the entrance, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

26.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

27.     Plaintiff, as described hereinbelow, seeks injunctive relief to require the LA MEXICANA BAKERY to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the bakery as a public facility.

28.     Plaintiff seeks damages for violation of his civil rights on November 11, 2010, December 9, 2010 and December 17, 2010 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

29.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

30.     Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling defendants to make the LA MEXICANA BAKERY accessible to persons with disabilities.

31.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other bakeries, pastries houses  and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

32.     Plaintiff is informed and believes and therefore alleges that defendants RAFAEL CASTRO; and NIDIA CASTRO, and each of them, caused the subject building(s) which constitute the LA MEXICANA BAKERY to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the LA MEXICANA BAKERY and were denied full and equal use of said public facilities.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Furthermore, on information and belief, defendants have continued to maintain and operate said

2   bakery  and/or its building(s) in such conditions up to the present time, despite actual and

3   constructive notice to such defendants that the configuration of LA MEXICAN BAKERY and/or

4   its building(s) is in violation of the civil rights of persons with physical disabilities, such as

5   plaintiff CRAIG YATES, and other members of the disability community.  Such construction,

6   modification, ownership, operation, maintenance and practices of such public facilities are in

7   violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42

8   U.S.C. §12101, *et seq.*

9          33.     On personal knowledge, information and belief, the basis of defendants' actual and

10   constructive notice that the physical configuration of the facilities including, but not limited to,

11   architectural barriers constituting the LA MEXICANA BAKERY and/or building(s) was in

12   violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is

13   not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself,

14   sponsors of conferences, owners of other restaurants, hotels, motels and businesses, notices they

15   obtained from governmental agencies upon modification, improvement, or substantial repair of

16   the subject premises and other properties owned by these defendants, newspaper articles and trade

17   publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

18   service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and

19   other similar information.  Defendants' failure, under state and federal law, to make the LA

20   MEXICANA BAKERY accessible is further evidence of defendants' conscious disregard for the

21   rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of

22   such effect on plaintiff and other persons with physical disabilities due to the lack of accessible

23   facilities, defendants, and each of them, knowingly and willfully refused to take any steps to

24   rectify the situation and to provide full and equal access for plaintiff and other persons with

25   physical disabilities to the LA MEXICANA BAKERY.  Said defendants, and each of them, have

26   continued such practices, in conscious disregard for the rights of plaintiff and other persons with

27   physical disabilities, up to the date of filing of this complaint, and continuing thereon.

28

1   Defendants had further actual knowledge of the architectural barriers referred to herein by virtue

2   of the demand letter addressed to the defendants and served concurrently with the summons and

3   complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiff and other

4   persons with physical disabilities, constitutes despicable conduct in conscious disregard of the

5   rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of

6   treble damages per Civil Code §§52 and 54.3.

7       34.     Plaintiff CRAIG YATES and the disability community, consisting of persons with

8   disabilities, would, could and will return to the subject public accommodation when it is made

9   accessible to persons with disabilities.

10  **I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
            ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

11  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
    (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants RAFAEL

12  CASTRO; and NIDIA CASTRO, inclusive)
    (42 U.S.C. §12101, *et seq.*)

13

14      35.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

15  the allegations contained in paragraphs 1 through 34 of this complaint.

16      36.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

17  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

18  protect:

19              some 43 million Americans with one or more physical or mental
                disabilities; [that] historically society has tended to isolate and

20              segregate individuals with disabilities; [that] such forms of
                discrimination against individuals with disabilities continue to be a

21              serious and pervasive social problem; [that] the nation's proper
                goals regarding individuals with disabilities are to assure equality of

22              opportunity, full participation, independent living and economic
                self-sufficiency for such individuals; [and that] the continuing

23              existence of unfair and unnecessary discrimination and prejudice
                denies people with disabilities the opportunity to compete on an

24              equal basis and to pursue those opportunities for which our free
                society is justifiably famous.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

37.   Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

38.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)   PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment.

42 U.S.C. §12181(7)(E)

39.   Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///

40. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

41. The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of LA MEXICANA BAKERY pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

42. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

43. On information and belief, construction work on, and modifications of, the subject building(s) of LA MEXICANA BAKERY occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

44. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

45.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about December 17, 2010, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

46.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

## II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants RAFAEL CASTRO; and NIDIA CASTRO, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

47.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 46 of this complaint.

48.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

///

///

49. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

50. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

51. Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to defendants' LA MEXICANA BAKERY. As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the subject bakery because of his knowledge and belief that the bakery is inaccessible to persons with disabilities.

///
///
///

California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

52.    On or about November 11, 2010, December 9, 2010 and December 17, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to the entrance and other public facilities as stated herein at the LA MEXICANA BAKERY and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

53.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about November 11, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry door, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to open the door without strike side clearance and excessive door pressure.

54.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

2   basis that plaintiff is a person or an entity that represents persons with physical disabilities and

3   unable, because of the architectural barriers created and maintained by the defendants in violation

4   of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

5   other persons.

6       55.     Plaintiff has been damaged by defendants', and each of their, wrongful conduct and

7   seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights

8   as a person or an entity that represents persons with physical disabilities on or about November

9   11, 2010, December 9, 2010 and December 17, 2010, and on a continuing basis since then,

10  including statutory damages, a trebling of all of actual damages, general and special damages

11  available pursuant to §54.3 of the Civil Code according to proof.

12      56.     As a result of defendants', and each of their, acts and omissions in this regard,

13  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

14  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

15  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

16  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

17  reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

18  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

19  compel the defendants to make their facilities accessible to all members of the public with

20  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

21  the provisions of §1021.5 of the Code of Civil Procedure.

22  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL
           ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR**

23  **SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE
           UNRUH CIVIL RIGHTS ACT)**

24  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants RAFAEL
    CASTRO; and NIDIA CASTRO, inclusive)

25  (Civil Code §51, 51.5)

26      57.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

27  the allegations contained in paragraphs 1 through 56 of this complaint.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

58.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

59.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

60.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §35, *et seq*., as if repled herein.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

61.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about November 11, 2010, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entry door, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to open the door without strike side clearance and excessive door pressure.

62.     Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

63.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants RAFAEL CASTRO; and NIDIA CASTRO, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.   For injunctive relief, compelling defendants RAFAEL CASTRO; and NIDIA CASTRO, inclusive, to make the LA MEXICANA BAKERY, located at 2804 24th Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.   For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.   For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants RAFAEL CASTRO; and NIDIA CASTRO, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.   For injunctive relief, compelling defendants RAFAEL CASTRO; and NIDIA CASTRO, inclusive, to make the LA MEXICANA BAKERY, located at 2804 24th Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.   Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

3.   Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.   Treble damages pursuant to Civil Code §54.3;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    5.    General damages according to proof;

2    6.    For all costs of suit;

3    7.    Prejudgment interest pursuant to Civil Code §3291; and

4    8.    Such other and further relief as the court may deem just and proper.

5  **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO
        FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
6        PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
        CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
7    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants RAFAEL
     CASTRO; and NIDIA CASTRO, inclusive)
8    (California Civil Code §§51, 51.5, *et seq.*)

9    1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and

10  for each occasion on which plaintiff was deterred from returning to the subject public

11  accommodation;

12    2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

13  party;

14    3.    General damages according to proof;

15    4.    Treble damages pursuant to Civil Code §52(a);

16    5.    For all costs of suit;

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1       6.    Prejudgment interest pursuant to Civil Code §3291; and

2       7.    Such other and further relief as the court may deem just and proper.

3

4   Dated: _____, 2011    THOMAS E. FRANKOVICH,

5       *A PROFESSIONAL LAW CORPORATION*

6

7

8       By:_____

9           THOMAS E. FRANKOVICH
        Attorneys for Plaintiff CRAIG YATES, an individual

10

11   **DEMAND FOR JURY TRIAL**

12   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

13

14   Dated: _____, 2011    THOMAS E. FRANKOVICH,

15       *A PROFESSIONAL LAW CORPORATION*

16

17       By:_____

18           THOMAS E. FRANKOVICH
        Attorneys for Plaintiff CRAIG YATES, an individual

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

EXHIBIT "A"

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

November 18, 2010

Manager
La Mexicana Bakery
2804 24th Street
San Francisco, Ca 94110

Dear Manager of La Mexicana Bakery:

Recently, I visited La Mexicana Bakery. The bakery goods were quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with opening the door. There is no room next to the door so that you can open it and angle your wheelchair in. That's because the door pulls out. So you cannot simply push it in. Go outside and see for yourself. Just take a regular chair and put it at the front door and pretend you're in a wheelchair. You can easily solve this by a door that pushes in or a power door. You also should put a metal kick plate on the bottom of the door so that the glass does not break.. That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you!, let me stress that you please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get my letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Rd. Unit 3
San Rafael, CA 94903

November 18, 2010

Owner of Building
La Mexicana Bakery
2804 24th Street
San Francisco, Ca 94110

Dear Owner of Building for La Mexicana Bakery:

Recently, I visited La Mexicana Bakery. The bakery goods were quite good and reasonably priced. That part of my experience was good. However, there are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with opening the door. There is no room next to the door so that you can open it and angle your wheelchair in. That's because the door pulls out. So you cannot simply push it in. Go outside and see for yourself. Just take a regular chair and put it at the front door and pretend you're in a wheelchair. You can easily solve this by a door that pushes in or a power door. You also should put a metal kick plate on the bottom of the door so that the glass does not break.. That part of my experience was not good.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you!, let me stress that you please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get my letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks.

Sincerely,

Craig Yates